# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:24-CV-00219-DJH

**CHRISTOPHER HENDERSON**                                                                                        **PLAINTIFF**

**VS.**

**EQUIFAX INFORMATION SERVICES, LLC**                                    **DEFENDANT**

## REPORT AND RECOMMENDATION

On March 14, 2025, the District Judge gave the Parties seven days to "show cause why this action should not be dismissed with prejudice, stricken from the Court's docket, and closed, and why sanctions should not be imposed on counsel for persistent failures to comply with Orders of this Court." (DN 22). The District Judge referred the matter to the undersigned "for a hearing and recommendation regarding sanctions." (*Id.*). Six days later, the Parties filed a Stipulation of Dismissal. (DN 23). But because the Parties failed to show cause as required by the Court's March 14, 2025 Order, the undersigned scheduled a telephonic show-cause hearing. (DN 24).

The telephonic hearing occurred on April 15, 2025, at 11:00 AM, with James H. Lawson appearing on behalf of the Plaintiff and John Michael Williams appearing on behalf of the Defendant. The hearing was electronically recorded.

Pursuant to Federal Rule of Civil Procedure 16(f), the Court, on its own motion, may issue sanctions if a party fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). The permissible sanctions include those listed in Rule 37(b)(2)(A)(ii)-(vii):

    (i)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (ii)    striking pleadings in whole or in part;
    (iii)   staying further proceedings until the order is obeyed;
    (iv)   dismissing the action or proceeding in whole or in part;

      (v)      rendering a default judgment against the disobedient party; or

      (vi)     treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). Rule 16 further provides that instead of or in addition to the above-listed remedies, the court must order a disobedient party or their attorney "to pay the reasonable expenses - including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

The Parties in this case frequently failed to comply with the Court's Orders. (*See* DN 13; DN 14; DN 17; DN 18; DN 20; DN 21; DN 22). During the show-cause hearing, Plaintiff's counsel took responsibility for the delays and noncompliance in the litigation, explaining that he has dealt with several personal issues in the last several months, including the illness and subsequent death of an immediate family member. Defendant's counsel stated he was aware of these issues and did not press plaintiff's counsel as he might have ordinarily. Both counsel expressed their apologies to the Court. The information proffered by the Parties constitutes substantial justification and circumstances making an award of expenses or other sanctions unjust. The Parties have shown sufficient cause for their failings to abide by previous Court orders in this case.

The Court, however, reminded the Parties of the importance of taking the Court's orders seriously, complying with such orders, and communicating with the Court when issues or delays arise. The Court warned the Parties that similar noncompliance in future cases will not be tolerated and will result in sanctions being imposed. Counsel indicated their understanding of the importance of future compliance and apologized again for their failures to comply in this case.

**IT IS THEREFORE RECOMMENDED** that no sanctions be imposed on the Parties in this litigation.

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:		Counsel of Record

0|10